UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAISY P.,

                              Plaintiff,

                                                                                        DECISION AND ORDER

                                                                                         20-CV-1750DGL

                    v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                              Defendant.
_____

**PRELIMINARY STATEMENT**

Plaintiff brings this action pursuant to Section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Acting Commissioner of Social Security (the "Commissioner").

On February 18, 2016, plaintiff filed applications for a period of disability and disability insurance benefits, and for social security income, alleging disability beginning on April 20, 2014 – later amended to December 16, 2018. Both applications were initially denied. (Dkt. #8 at 19). Plaintiff requested a hearing, which was held on May 7, 2019 via videoconference before administrative law judge ("ALJ") Jason Mastrangelo. Plaintiff and vocational expert Edmond J. Calandra both testified. *Id*.

The ALJ issued a decision on May 24, 2019, finding plaintiff not disabled. (Dkt. #8 at 19-33). That decision became the final decision of the Commissioner when the Appeals Council denied review on October 8, 2020. (Dkt. #8 at 1-4). This appeal followed.

The plaintiff has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, requesting remand of the matter for further proceedings (Dkt. #10), and the Commissioner has cross moved for judgment on the pleadings dismissing the complaint. (Dkt. #11). For the reasons set forth below, plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-settled five step sequential evaluation. The Court assumes the reader's familiarity therewith. *See Bowen v. City of New York*, 476 U.S. 467, 470 71 (1986). See 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ summarized plaintiff's medical records, and concluded that plaintiff had the following severe impairments, not meeting or equaling the level of a listed impairment: left shoulder capsulitis and osteoarthritis status post-surgery, and depression. (Dkt. #8 at 22). The ALJ further found that plaintiff had the non-severe impairments of obesity, coronary artery disease, Tietze's disease (an inflammatory disorder of the ribs where they meet the sternum), hypertension, hyperlipidemia, iron deficiency anemia, and migraine headaches. (Dkt. #8 at 23).[1]

Applying the special technique for mental health impairments, the ALJ found that plaintiff has a mild limitation in understanding, remembering, and acquiring information; a mild limitation

---

[1] The ALJ made no further mention of plaintiff's non-severe impairments, and it is unclear from the face of his decision whether the ALJ discharged his duty to consider whether, and to what extent, they impacted plaintiff's RFC. *See e.g.*, *Shawn M. v. Commissioner*, 2023 U.S. Dist. LEXIS 51929 at *7 (W.D.N.Y. 2023)("[i]t is well-settled that when making an RFC assessment, an ALJ must consider all the relevant evidence, including . . . non-severe impairments"). On remand, the ALJ is directed to do so.

in interacting with others; a moderate limitation in concentration, persistence and pace; and a mild limitation in adapting or managing herself. He accordingly found that plaintiff's mental impairments were non-disabling. (Dkt. #8 at 25-26).

Plaintiff was 45 years old on the alleged onset date, with past relevant work as a hand packer. The ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform medium work, with no more than occasional overhead reaching with her left non-dominant arm. Plaintiff can maintain attention, concentration, persistence, and pace sufficient to perform only simple tasks, with instructions demonstrated, rather than written or spoken. (Dkt. #8 at 27).

When presented with this RFC at the hearing, the vocational expert testified that an individual with these limitations could perform plaintiff's past relevant work as a hand packer. (Dkt. #8 at 32-33). The ALJ accordingly found plaintiff not disabled.

I.  **The ALJ's Assessment of the Medical Opinion Evidence of Record**

Under the standards applicable to plaintiff's claim at the time it was filed, it was well-settled that "the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000). In determining what weight to give a medical opinion, the ALJ was required to consider: (1) the length, nature and extent of the treatment relationship; (2) the frequency of examination; (3) the evidence presented to support the treating physician's opinion; (4) whether the opinion is consistent with the record as whole; and (5) whether the opinion is offered by a specialist. *Id*.

Further, the ALJ needed to articulate his reasons for the weight he assigned to medical opinion evidence. *See Shaw*, 221 F.3d 126 at 134. *See also Snell v. Apfel*, 177 F.3d 128, 133 (2d

Cir. 1999). An ALJ's failure to apply the relevant factors and explain his reasoning for the weight assigned to the medical opinions of record constitutes reversible error.

The ALJ discussed three opinions by treating and examining physicians concerning plaintiff's exertional RFC.[2]

Plaintiff's treating internist, Dr. Glennell Smith, authored an RFC opinion April 1, 2016. Dr. Smith estimated that plaintiff was 100% disabled with respect to her left shoulder due to "significant neck, and especially left shoulder pain" without any "significant improvement." (Dkt. #9 at 905). The ALJ gave Dr. Smith's opinion "little" evidentiary weight, finding it inconsistent with a treatment note from plaintiff's most recent visit with Dr. Smith (Dkt. #8 at 1414-15), which documented a follow-up visit concerning complaints of chest pain and did not mention any shoulder-related complaints or examination of the left shoulder. The ALJ also noted that Dr. Smith's opinion was "remote in time" from plaintiff's December 16, 2018 amended onset date. (Dkt. #8 at 31).

Plaintiff's treating surgeon, Dr. Frank J. Schlehr, opined on September 27, 2017 that plaintiff had a 45% loss of use in her left shoulder due to "marked limitations of motions," and the surgical removal of her left distal clavicle (the outer end of the collarbone). He suggested that she work to gently improve her range of motion, but "needs to not push the motion too much because of the pain." (Dkt. #9 at 1031-33). The ALJ found that Dr. Schlehr's opinion was entitled only to

---

[2] The ALJ did not mention, and may have overlooked, a March 27, 2015 opinion by examining orthopedic surgeon Dr. George Hochreiter (Dkt. #8 at 761-64), and a December 7, 2015 opinion by examining physician Dr. Steven C. Hausmann (Dkt. #8 at 755-60), rendered in connection with a Workers Compensation claim. Dr. Hochreiter found stiffness and limited range of motion in the left shoulder, and opined that, "[c]laimant has failed [to respond to] conservative care . . . [i]f the claimant is able to work she would require restrictions of no overhead lifting, no repetitive usage of the left arm, no lifting of more than 5 pounds." (Dkt. #8 at 763-64). Dr. Hausmann noted limited range of motion in the left shoulder, observed that plaintiff's surgical results had been "poor" and that no additional surgery or physical therapy would be helpful, and opined that if plaintiff "did go back to work she would not be able to lift in excess of 10 pounds with the left arm, and would not be able to lift above chest height with the left arm." (Dkt. #8 at 760). The ALJ was required to consider every medical opinion of record, including those of Dr. Hochreiter and Dr. Hausmann. 20 C.F.R. §§404.1527(b),(c); 419.927(b)(c). On remand, the ALJ is directed to do so.

"modest" weight, in light of unspecified evidence of "further improvement" in plaintiff's symptoms afterwards. (Dkt. #8 at 31).

On June 1, 2016, consulting osteopathic physician Dr. Donna Miller examined plaintiff, noting limitations in left shoulder range of motion, and otherwise normal objective findings. (Dkt. #8 at 814-17). Dr. Miller opined that plaintiff had a "moderate limitation with repetitive overhead lifting, carrying, pushing, and pulling." The ALJ found Dr. Miller's opinion to be of only "modest evidentiary weight," because "subsequent examinations have shown improvement in the claimant's symptoms." (Dkt. #8 at 30).

Plaintiff argues that the ALJ's rejection of the exertional limitations described in the medical opinions of record was insufficiently supported, and that the ALJ's resulting RFC findings were not supported by substantial evidence.

The Court agrees. Initially, the ALJ's discussion of the medical opinions does not clearly reflect application of the treating physician rule. Furthermore, the ALJ's determinations that none of the medical opinions of record were entitled to more than "modest" weight, and that plaintiff's shoulder limitations related solely to overhead reaching, were not sufficiently supported, and created an evidentiary gap.

The ALJ did not explain his reasoning, nor is any logical basis clear from the record, for finding that the opined shoulder limitations – assessed by each of the physicians in terms of "loss of use" percentages for the left arm, or as an overall "moderate" limitation in reaching, pushing, pulling, lifting, and carrying – were creditable only to the extent they reflected overhead reaching limitations. To the extent that the ALJ made reference to evidence of "medical improvement" in plaintiff's condition, the ALJ did not specifically identify any such evidence, or otherwise explain the basis for his determination that plaintiff's shoulder impairment limited her ability to reach

5

overhead, but had no impact on her ability to to reach in other directions, push, pull, lift, carry, or otherwise engage in other repetitive movements with her left arm.

What little evidence the ALJ did specifically cite amounted to a couple of cherry-picked treatment and examination records, which do not convincingly support his findings. In discrediting Dr. Miller's opinion as to "moderate" shoulder limitations, because "subsequent examinations have shown improvement in the claimant's symptoms," the only such examination to which the ALJ referred was the report of Dr. Schlehr, who documented "progress[] with strengthening and range of motion to the left shoulder," but nonetheless assessed a 45% loss of use of the left shoulder due to "marked limitations" in range of motion and the excision of a portion of plaintiff's collarbone. (Dkt. #9 at 30, 1031-33). Although the ALJ reasoned that Dr. Smith's opinion had been contradicted by a set of contemporaneous treatment notes that did not mention shoulder difficulties, plaintiff's other treatment records with Dr. Smith consistently documented complaints of chronic shoulder pain "[t]hat has been extensively investigated without any etiology for the pain," and "insomnia . . . due to her pain in the left shoulder," for which plaintiff was prescribed pain medications and sleep aids. *See e.g.*, Dkt. #9 at 1417, 1419, 1422, 1424, 1427, 1430.

Furthermore, even assuming *arguendo* that the ALJ had properly supported his decision not to give persuasive weight to the opinions of plaintiff's treating physicians, or to credit any other medical opinion of record with respect to plaintiff's exertional capacity, the rejection of all of those opinions created a gap in the record which deprived the ALJ's RFC finding of adequate evidentiary support. While an ALJ may base an RFC assessment on evidence other than medical opinions, the instant record lacked sufficient evidence of plaintiff's specific abilities (e.g., to reach, push, pull, lift, carry, and otherwise to use her left arm) to do so.

Because the ALJ did not rely on a medical opinion in crafting his RFC, and because the record lacked sufficient alternative evidence for the ALJ to reach an informed RFC determination, the ALJ's findings amounted to an improper substitution of his "own expertise or view of the medical proof [in place of] any competent medical opinion," and remand is appropriate. *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015).

Because I find that remand is necessary on the multiple bases discussed above, I decline to reach plaintiff's alternative arguments.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings (Dkt. #10) is granted, the Commissioner's cross motion (Dkt. #11) is denied, and the matter is remanded for further proceedings.

On remand, the ALJ is directed to reassess the medical opinion evidence of record, to obtain or order additional and more recent medical opinions as appropriate, and to reach a new disability determination which is supported by substantial evidence, considers all of the medical opinions of record, and properly considers the effect of all of plaintiff's exertional and nonexertional impairments and symptoms, both severe and non-severe, on her RFC.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
May 24, 2023.